IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

JOYCE WALKER, )
 )
    Plaintiff, )
 )
v. ) CASE NO. CV417-045
 )
HYUNDAI CAPITAL AMERICA, )
INC., d/b/a Hyundai Motor )
Finance, )
 )
    Defendant. )
 )

## O R D E R

Before the Court is Defendant Hyundai Capital America Inc.'s Motion to Compel Arbitration and Dismiss Complaint or, in the Alternative, Stay Pending Arbitration. (Doc. 13.) For the following reasons, Defendant's motion is **GRANTED** and the parties are **DIRECTED** to submit this claim for arbitration according to the terms of their arbitration agreement. The Clerk of Court is **DIRECTED** to close this case.

## BACKGROUND

This case involves Plaintiff Joyce Walker's finance and purchase of a new Hyundai Santa Fe from Savannah Hyundai in Savannah, Georgia. (Doc. 13 at 3.) As part of the transaction, Plaintiff executed a Retail Installment Sales Contract ("RISC"), and a Vehicle Purchase Agreement

and Invoice ("Purchase Agreement"). (Id. at 3-4.) The RISC was between Plaintiff and Savannah Hyundai, who contemporaneously assigned its interest in the RISC to Defendant Hyundai Capital America Inc.[1] (Id. at 4.) The Purchase Agreement was also between Plaintiff and Savannah Hyundai, and identifies Defendant as the lien holder. (Id., Ex. B at 1.) Importantly, the Purchase Agreement included the following arbitration clause:

> THE PURCHASER(S) AND SAVANNAH HYUNDAI, INC. AGREE THAT ANY DISPUTE OR CLAIM CONCERNING THE PURCHASE, LEASE, FINANCING OR SERVICE OF THE VEHICLE DESCRIBED IN THIS AGREEMENT WILL BE SETTLED BY BINDING ARBITRATION. THE ARBITRATION PROCEEDING SHALL BE CONDUCTED UNDER THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION IN EFFECT AT THE TIME OF THE ARBITRATION DEMAND. A DECISION AND AWARD OF THE ARBITRATOR MADE UNDER THE SAID RULE SHALL BE EXCLUSIVE, FINAL, AND BINDING ON BOTH PARTIES, THEIR HEIRS, EXECUTORS, ADMINISTRATORS, SUCCESSORS, AND ASSIGNS. THE COSTS AND EXPENSE OF THE ARBITRATION SHALL BE BORNE EVENLY BY THE PARTIES.

(Id.)

Ultimately, Plaintiff defaulted on the loan. (Doc. 13 at 3.) As a result, Defendant contacted Plaintiff via telephone in an attempt to collect the debt. (Id.) Finding these calls harassing, Plaintiff filed suit in this Court

---

[1] Defendant was identified in the RISC as Hyundai Motor Finance. (Doc. 13, Ex. A at 1.)

seeking recovery under the Telephone Consumer Protection Act ("TCPA), 47 U.S.C. § 227. (Id. ¶¶ 46-47.)

In its motion, Defendant argues that the arbitration clause contained in the Purchase Agreement requires Plaintiff to submit her claim to arbitration. (Doc. 13 at 8-13.) In response, Plaintiff contends that the arbitration provision is inapplicable in this case because the Purchase Agreement was between only Plaintiff and Savannah Hyundai. (Doc. 18 at 2.) Plaintiff reasons that Defendant is unable to compel arbitration because it was neither a signatory nor an intended beneficiary of the Purchase Agreement. (Id.)

## ANALYSIS

Motions seeking to compel arbitration are governed by the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16. The FAA manifests a strong federal policy favoring the enforcement of arbitration agreements. Walthour v. Chipio Windshield Repair, LLC, 745 F.3d 1326, 1329 (11th Cir. 2014) (quoting Caley v. Gulfstream Aerospace Corp., 428 F.3d 1359, 1367 (11th Cir. 2005)). In this respect, courts are directed to resolve close questions concerning arbitrability in favor of arbitration. Emp'rs Ins. of Wausau v. Bright Metal Specialties, Inc., 251 F.3d 1316, 1322 (11th Cir. 2001).

However, a party is not required to arbitrate claims it did not agree to arbitrate. Paladino v. Avnet Computer Techs., Inc., 134 F.3d 1054, 1057 (11th Cir. 1998). Whether a party has agreed to arbitrate a dispute is a matter of contract law. Klay v. All Defendants, 389 F.3d 1191, 1200 (11th Cir. 2004). While federal policy favors arbitration, applicable state law determines whether the parties have an enforceable contract or agreement to arbitrate a given dispute. Caley, 428 F.3d at 1368. Therefore, courts must apply the law of the particular state that governs the purported arbitration agreement. Id. Even then, the "federal policy favoring arbitration . . . is taken into consideration [when] applying ordinary state law." Id. (quoting Cooper v. MRM Inv. Co., 367 F.3d 493, 498 (6th Cir. 2004)).

The party seeking to avoid arbitration must deny the existence of a valid agreement to arbitrate, identifying some evidence in the record[2] to substantiate that denial.

---

[2] The Court notes that Motions to Compel Arbitration are generally considered as factual attacks on subject matter jurisdiction pursuant to Federal Rule of Procedure 12(b)(1). E.g., Schriever v. Navient Sols., Inc., No. 2:14-cv-596, 2014 WL 7273915, at *2, *3 (M.D. Fla. Dec. 19, 2014); Wash v. Mac Acquisition of Del., LLC, No. 6:14-cv-1424, 2014 WL 5173504, at *1 (M.D. Fla. Oct. 14, 2014); Bell v. Atl. Trucking Co., No. 3:09-cv-406, 2009 WL 4730564, at *2 (M.D. Fla. Dec. 7, 2009), aff'd, 405 F. App'x 370 (11th Cir. 2010). As a factual attack, the Court

4

*Magnolia Capital Advisors, Inc. v. Bear Sterns & Co.*, 272 F. App'x 782, 785 (11th Cir. 2008). The evidence in the record must be sufficient to render colorable that party's denial of the existence of a valid agreement. Id. (quoting *Wheat, First Sec., Inc. v. Green*, 993 F.2d 814, 819 (11th Cir. 1993)). The district court must resolve all doubt and inferences in the favor of the party denying the existence of a valid agreement. Id. at 785-86.

In *Wells Fargo Auto Finance, Inc. v. Wright*, the Georgia [3] Court of Appeals was presented with a factual scenario strikingly similar to this case. 304 Ga. App. 621, 698 S.E.2d 17 (2010). Mr. Wright purchased a vehicle from a local Chevrolet dealer. Id. at 621, 698 S.E.2d at 18. As part of the transaction, Mr. Wright and the dealer executed a RISC and a separate arbitration agreement. Id. The dealer assigned the RISC to Wells Fargo. Id.

Mr. Wright later attempted to rescind the RISC after he discovered that his vehicle had previously been involved in an accident. Id. Alleging deceptive business practices, Mr. Wright filed suit against Wells Fargo, who sought to

---

may consider matters outside the pleading, such as the written agreements between the parties. See *McElmurray v. Consol. Gov't of Augusta-Richmond Cnty.*, 501 F.3d 1244, 1251 (11th Cir. 2007).

[3] Neither party disputes the applicability of Georgia law to this case. (Doc. 10 at 7; Doc. 18 at 9.)

compel arbitration based on the arbitration agreement executed by Mr. Wright and the dealer. Id. The trial court denied Wells Fargo's motion. Id.

The Georgia Court of Appeals reversed that decision. Id. at 622, 698 S.E.2d at 18. That court rejected Mr. Wright's argument that the merger clause in the RISC stating it was the entire agreement between the parties operates to preclude Wells Fargo from enforcing the separate arbitration agreement, which was neither assigned to or signed by Wells Fargo. Id. at 623, 698 S.E.2d at 19. Relying on Lovell v. Thomas, 279 Ga. App. 696, 700, 632 S.E.2d 456 (2006), the Georgia Court of Appeals concluded that "as the retail sales contract, installment contract, and the Agreement were executed simultaneously, they should be read and construed together." Wright, 304 Ga. App. at 623, 698 S.E.2d at 19.

In this Court's opinion, there is little material difference between this case and Wright. Plaintiff finds herself in an almost identical situation. She executed both the RISC and a separate Purchase Agreement, which contained a broad arbitration clause. The RISC was immediately assigned to Defendant. Plaintiff has filed a claim that falls under the broad scope of the arbitration clause. Defendant, as assignee of the RISC, now seeks to invoke the

arbitration clause contained in the Purchase Agreement. Plaintiff has failed[4] to offer any meaningful distinction that would convince this Court that the outcome in this case should be any different than Wright. Accordingly, Defendant's Motion to Compel must be granted.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Arbitration and Dismiss Complaint or, in the Alternative, Stay Pending Arbitration (Doc. 13) is **GRANTED**. As a result, the parties are **DIRECTED** to submit this claim for arbitration according to the terms of their arbitration agreement. The Clerk of Court is **DIRECTED** to close this case.

SO ORDERED this 15th day of March 2018.

WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[4] Plaintiff's reliance on Drayton v. Toyota Motor Credit Corp., 686 F. App'x 757 (11th Cir. 2017) is misplaced. In that case, the Eleventh Circuit applied Florida law holding that "a non-signatory to a contract containing an arbitration agreement ordinarily cannot compel a signatory to submit to arbitration." Id. at 759 (quoting Marcus v. Fla. Bagels, LLC, 112 So. 3d 631, 633 (Fla. Dist. Ct. App. 2013)). While that might be the law in Florida, the contract in this case must be construed according to Georgia law. The Georgia Court of Appeals in Wright does just that.